It is hereby ordered that the order so appealed from is unanimously affirmed without costs. Present—Smith, J.P., Centra, Peradotto and Green, JJ.

■ In the Matter of ORLANDO RIOS, Petitioner, v NORMAN BEZIO, Director, Special Housing Unit, Midstate Correctional Facility, Respondent. [879 NYS2d 781]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [John W. Grow, J.], entered August 26, 2008) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed. Present—Scudder, P.J., Fahey, Peradotto, Carni and Green, JJ.

■ In the Matter of KWAMELL SMITH, Petitioner, v BRIAN FISCHER, Commissioner, New York State Department of Correctional Services, Respondent. [879 NYS2d 782]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered December 22, 2008) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed. Present—Scudder, P.J., Fahey, Peradotto, Carni and Green, JJ.

■ In the Matter of MARY POPE, Petitioner, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES et al., Respondents. [879 NYS2d 783]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Joseph G. Makowski, J.], entered June 5, 2008) to review a determination of the Commissioner of respondent New York State Office of Children and Family Services. The determination, after a hearing, denied the application of petitioner to amend an indicated report of child maltreatment to an unfounded report and to seal the amended report.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed. Present—Scudder, P.J., Fahey, Peradotto, Carni and Green, JJ.

■ In the Matter of DANIEL WILLIAMS, Petitioner, v BRIAN FISCHER, Commissioner, New York State Department of Cor-

rectional Services, Respondent. [879 NYS2d 783]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered December 22, 2008) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed. Present—Scudder, P.J., Fahey, Peradotto, Carni and Green, JJ.

The People of the State of New York, Respondent, v Michael Hernandez, Appellant. [879 NYS2d 870]—

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered January 9, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree and burglary in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]) and burglary in the third degree (§ 140.20). As the People correctly concede, defendant's waiver of the right to appeal was not knowing and voluntary inasmuch as Supreme Court failed to explain that the waiver of the right to appeal is separate and distinct from the other rights that are forfeited by the plea (see People v Lopez, 6 NY3d 248, 256 [2006]). Although defendant's jurisdictional challenge to the superior court information (SCI) survives the plea and, indeed, would have survived a valid waiver of the right to appeal (see People v Heinig, 21 AD3d 1297 [2005], lv denied 6 NY3d 813 [2006]), we nevertheless reject that challenge. According to defendant, the SCI is jurisdictionally defective because he was not held for the action of a grand jury by the local criminal court as required by CPL 195.10 (1) (a). The record establishes that defendant was arraigned by the local criminal court and that the matter was adjourned for further proceedings. There is no indication in the record that a preliminary